UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE:  Unassigned

| | |
|---|---|
| GUANGDONG HONGTEO TECHNOLOGY CO., LTD.,<br>　　　　　　　*Plaintiff,*<br>　　　　v.<br>UNITED STATES,<br>　　　　　　　*Defendant.* | Court No.  20-cv-03776 |

# COMPLAINT

Plaintiff GUANGDONG HONGTEO TECHNOLOGY CO., LTD. ("Plaintiff"), by and through its undersigned attorneys, alleges and states for its complaint as follows:

## Jurisdiction and Standing

1. This is a civil action to contest the denial of protests under Section 515 of the Tariff Act of 1930, 19 U.S.C. Section 1515.  The protests and underlying protested entries which are the subject of this action are listed in Exhibit A ("Schedule of Protests") attached and incorporated into this complaint.

2. The plaintiff is the owner and importer of record of the merchandise involved in this action and is the party that caused the protests and underlying protested entries referred to herein to be filed.  The plaintiff thus has standing in this action.

3. The protests that are the subject of this action were each timely filed on the respective dates shown in Exhibit A, Column B ("Protest Filed"), within 180 days of the final liquidation of each of the underlying protested entries.

1

Case 1:20-cv-03776-N/A   Document 8   Filed 11/11/21   Page 2 of 10

4. The protests that are the subject of this action were each denied pursuant to 19 U.S.C. Section 1515(a) on the respective dates shown in Exhibit A, Column C ("Protest Denied").

5. This action was timely commenced within 180 days after the date of mailing of the notices of denial of the underlying protests that are the subject of this action.

6. All duties, charges and exactions assessed at liquidation pertaining to the entries protested in each of the subject protests were paid before commencement of this action.

7. This court has jurisdiction over this action pursuant to 28 U.S.C. Section 1581(a).

### Background and Description of the Subject Merchandise

8. The subject merchandise in this action consists of six components made chiefly of aluminum, used to mount fuel pumps onto certain automotive spark-ignition internal combustion piston engines. The six subject items are identified by part numbers:

> HL3E-9178-AA    JL3E-9178-AA    JR3E-6B285-CA
>
> KB3E-9178-AB    KB3E-9178-BA    KB3E-9B374-AC

9. The subject merchandise is depicted in Figures 1-5 below:



*Figure 1: HL3E-9178-AA*



*Figure 2: JL3E-9178-AA*



*Figure 3: JR3E-6B285-CA*



*Figure 4: KB3E-9178-AB and KB3E-9178-BA*

2



*Figure 5: KB3E-9B374-AC*

10. The subject merchandise was identified on commercial invoices covered by the entries listed in Exhibit A, Column D ("Entry Number"), entered for consumption at the U.S. Customs and Border Protection (CBP) Port of Detroit, Michigan in November 2018 through May 2019 on the specific entry dates listed in Exhibit A, Column E ("Date of Entry").

11. Plaintiff entered the subject merchandise classified under Subheading 8409.91.5085 of the Harmonized Tariff Schedule of the United States (HTSUS) with ordinary duties deposited at the rate of 2.5% *ad valorem* and China Section 301 tariffs deposited at the rate of 10.0% *ad valorem*.

12. At all times relevant to this complaint, Subheading 8409.91.5085 HTSUS provided for *"Parts suitable for use solely or principally with the engines of heading 8407 or 8408 … Other: Suitable for use solely or principally with spark-ignition internal combustion piston engines (including rotary engines) … Other: For vehicles of subheading 8701.20, or heading 8702, 8703 or 8704 … Other … Other,"* with an ordinary ("Column 1 General") duty rate of 2.5% *ad valorem.*

13. At the time of each subject entry, Subheading 8409.91.5085 HTSUS was a "List 3" tariff classification subject to an additional 10% tariff under the current China Section 301 Tariff Action, *see Notice of Modification of Section 301 Action: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation*, 83 Fed. Reg.

47974 (September 21, 2018) (publishing List 3 and applying an initial 10% tariff rate); 83 Fed. Reg. 65198 (December 19, 2018) (extending the List 3 10% tariff rate to March 2, 2019); 84 Fed. Reg. 7966 (March 5, 2019) (indefinitely extending the List 3 10% tariff rate); and 84 Fed Reg. 20459 (May 9, 2019) (raising List 3 tariff rate to 25% effective May 10, 2019).

14. On various dates between October 2019 and March 2020 as indicated in Exhibit A, Column F ("Date of Liquidation"), all of the subject entries were liquidated "No Change."

15. The subject merchandise had a total entered value of approximately $1.7 million, as declared on the subject entries.

## Count 1

### The subject merchandise is properly classifiable under Subheading 8302.30.3060, dutiable at the rate of 2.0% *ad valorem*, and free of China Section 301 Tariffs pursuant to HTSUS Chapter 99, Note 20(vv)

16. The allegations of Paragraphs 1 through 15 are incorporated in this Paragraph by reference as if fully set forth herein.

17. At all times relevant to this complaint, Subheading 8302.30.3060 HTSUS provided in relevant part for *"Base metal mountings, fittings and similar articles suitable for furniture, doors, staircases, windows, blinds, coachwork, saddlery, trunks, chests, caskets or the like ... Other mountings, fittings and similar articles suitable for motor vehicles; and parts thereof: Of iron or steel, of aluminum or of zinc ... Other,"* with an ordinary ("Column 1 General") duty rate of 2.0% *ad valorem*.

18. At the time of each subject entry, Subheading 8302.30.3060 HTSUS was a "List 3" tariff classification ordinarily subject to an additional 10% tariff under the current China Section 301 Tariff Action, *see* Paragraph 12 *supra*. On March 26, 2020, however, the United

4

States Trade Representative published in the Federal Register its *Notice of Product Exclusions: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation*, 85 Fed. Reg. 17158, 17167 (March 26, 2020) providing that, effective with respect to goods entered for consumption on or after September 24, 2018, the 10% "List 3" China Section 301 tariffs described in Paragraph 12 *supra* shall not apply to "Mountings and fittings suitable for motor vehicles of iron or steel, of aluminum or of zinc, other than pneumatic cylinders (described in statistical reporting number 8302.30.3060)" as provided for in HTSUS Chapter 99 Note 20(vv)(96).

19. The subject merchandise consists of base metal aluminum mountings or fittings suitable for motor vehicles, classifiable under Subheading 8302.30.3060 HTSUS with an ordinary ("Column 1 General") duty rate of 2.0% *ad valorem.*

20. Plaintiff asserts that because the subject merchandise consists of base metal aluminum mountings or fittings suitable for motor vehicles classifiable under Subheading 8302.30.3060 HTSUS it is excluded from China Section 301 tariffs by HTSUS Chapter 99 Note 20(vv)(96).

## Count 2 (in the alternative)

**The subject merchandise is properly classifiable under HTSUS Subheading 8413.91.9080 (in 2018) or 8413.91.9095 (in 2019), dutiable at the rate of 0.0% *ad valorem*, and free of China Section 301 tariffs pursuant to HTSUS Chapter 99, Notes 20(n)(15), 20(n)(17), or 20(n)(22)**

21. The allegations of Paragraphs 1 through 20 are incorporated in this Paragraph by reference as if fully set forth herein.

22. At all times relevant to this complaint, in 2018 Subheading 8413.91.9080 HTSUS and in 2019 Subheading 8413.91.9095 HTSUS provided in relevant part for *"Pumps for liquids,*

*whether or not fitted with a measuring device ... part thereof ... Parts: Of pumps ... Other ... Other,"* with an ordinary ("Column 1 General") duty rate of 0.0% ("Free") *ad valorem.*

23. At the time of each subject entry, Subheading 8413.91.90 HTSUS was a "List 1" tariff classification also ordinarily subject to an additional 25% tariff under the current China Section 301 Tariff Action, *see Notice of Action and Request for Public Comment Concerning Proposed Determination of Action Pursuant to Section 301: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation*, 83 Fed. Reg. 28710 (June 20, 2018) (publishing List 1 and applying an initial 25% tariff rate).

24. On July 9, 2019, however, the United States Trade Representative (USTR) published in the Federal Register its *Notice of Product Exclusions: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation,* 84 Fed. Reg. 32821 (July 9, 2019), providing that, effective July 6, 2018, the 25% "List 1" China Section 301 tariffs described in Paragraph 23 *supra* shall not apply to "Pedestals of pump assemblies (described in statistical reporting number 8413.91.9095)," "Pump casings and bodies (described in statistical reporting number 8413.91.9095)," and "Pump manifolds (described in statistical reporting number 8413.91.9095)" provided for in HTSUS Chapter 99 Notes 20(n)(15), 20(n)(17), and 20(n)(22) respectively. The USTR subsequently modified these three China Section 301 exclusions to include Subheading 8413.91.9080 in each exclusion by deleting "8413.91.9095" in each exclusion and inserting "8413.91.9080 prior to January 1, 2019; described in statistical reporting number 8413.91.9095 effective January 1, 2019 through December 31, 2019; described in statistical reporting number 8413.91.9085 or 8413.91.9096 effective January 1, 2020" in lieu thereof, *see Notice of Product Exclusions and*

*Amendments: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation*, 85 Fed. Reg. 7816 (February 11, 2020).

25.  The subject merchandise, if not classifiable under Subheading 8302.30.3060 HTSUS as alleged in Count 1, is alternatively classifiable under Subheading 8413.91.9080 HTSUS if entered in 2018 or under Subheading 8413.91.9095 HTSUS if entered in 2019, with an ordinary ("Column 1 General") duty rate of 0.0% ("Free") *ad valorem*.

26.  Plaintiff asserts that the subject merchandise, if alternatively found to be classifiable under Subheading 8413.91.9080 HTSUS or Subheading 8413.91.9095 HTSUS, is excluded from China Section 301 tariffs by HTSUS Chapter 99 Notes 20(n)(15), 20(n)(17), or 20(n)(22).

**Prayer for Relief**

**WHEREFORE**, the plaintiff prays for judgment in its favor:

(a) overruling Defendant's denial of Plaintiff's protests;

(b) determining that the subject merchandise is properly classifiable under Subheading 8302.30.3060 HTSUS, dutiable at a rate of 2.0% *ad valorem* and excluded from China Section 301 tariffs by HTSUS Chapter 99 Note 20(vv)(96);

(c) determining, in the alternative, that the subject merchandise is properly classifiable under Subheading 8413.91.9080 HTSUS if entered in 2018 or Subheading 8413.91.9095 HTSUS if entered in 2019, dutiable at a rate of 0.0% ("Free") *ad valorem* and excluded from China Section 301 tariffs by HTSUS Chapter 99 Notes 20(n)(15), 20(n)(17), or 20(n)(22);

(d)     ordering CBP to promptly reliquidate the subject entries in accordance with these determinations, with full refund made to the plaintiff of all excess duties, fees, and tariffs assessed and paid by the Plaintiff, together with interest as provided by law; and

(e)     granting such other and further relief as this honorable Court may deem just and appropriate under the circumstances.

GUANGDONG HONGTEO TECHNOLOGY CO., LTD.

by    */s/ Lawrence R. Pilon/*

Lawrence R. Pilon, one of its attorneys

Lawrence R. Pilon  
Rock Trade Law LLC  
134 North LaSalle, Suite 1800  
Chicago, Illinois 60602  
Telephone: 630-728-7152  
Email: lpilon@rocktradelaw.com

# EXHIBIT A

# SCHEDULE OF PROTESTS

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| Line # | Protest Number | Protest Filed | Protest Denied | Entry Number | Date of Entry | Date of Liquidation |
| 001 | 3801-20-101458 | 12/24/2019 | 04/23/2020 | 113-8474890-8 | 12/18/2018 | 11/01/2019 |
| 002 | 3801-20-101461 | 12/24/2019 | 04/23/2020 | 113-8478786-4 | 12/23/2018 | 11/08/2019 |
| 003 | 3801-20-101462 | 01/02/2020 | 04/23/2020 | 113-8495229-4 | 01/09/2019 | 12/06/2019 |
| 004 | 3801-20-101463 | 01/06/2020 | 04/23/2020 | 113-8486482-0 | 12/30/2018 | 11/29/2019 |
| 005 | 3801-20-101465 | 01/02/2020 | 04/23/2020 | 113-8499930-3 | 01/28/2019 | 12/13/2019 |
| 006 | 3801-20-102123 | 03/03/2020 | 04/26/2020 | 113-8562512-1 | 04/13/2019 | 03/13/2020 |
| 007 | 3801-20-102204 | 03/05/2020 | 04/27/2020 | 113-8526303-0 | 02/24/2019 | 01/24/2020 |
| 008 | 3801-20-102205 | 03/04/2020 | 04/27/2020 | 113-8553310-1 | 04/02/2019 | 02/28/2020 |
| 009 | 3801-20-102210 | 03/09/2020 | 04/27/2020 | 113-8540918-7 | 03/12/2019 | 02/07/2020 |
| 010 | 3801-20-102211 | 03/09/2020 | 04/27/2020 | 113-8539690-5 | 03/10/2019 | 02/07/2020 |
| 011 | 3801-20-102228 | 03/10/2020 | 05/19/2020 | 113-8547013-0 | 03/19/2019 | 02/14/2020 |
| 012 | 3801-20-102233 | 03/10/2020 | 04/27/2020 | 113-8508147-3 | 02/17/2019 | 12/20/2019 |
| 013 | 3801-20-102235 | 03/10/2020 | 04/27/2020 | 113-8508385-9 | 02/12/2019 | 12/27/2019 |
| 014 | 3801-20-102418 | 03/27/2020 | 06/01/2020 | 113-8451957-2 | 11/13/2018 | 10/11/2019 |
| 015 | 3801-20-102462 | 04/01/2020 | 05/12/2020 | 113-8486242-8 | 01/14/2019 | 11/22/2019 |
| 016 | 3801-20-102483 | 04/02/2020 | 05/11/2020 | 113-8574070-6 | 04/19/2019 | 03/20/2020 |
| 017 | 3801-20-102484 | 04/02/2020 | 05/11/2020 | 113-8576106-6 | 04/29/2019 | 03/27/2020 |
| 018 | 3801-20-102485 | 04/02/2020 | 05/11/2020 | 113-8576109-0 | 04/23/2019 | 03/20/2020 |
| 019 | 3801-20-102487 | 04/02/2020 | 06/01/2020 | 113-8579817-5 | 05/09/2019 | 03/20/2020 |
| 020 | 3801-20-102624 | 04/13/2020 | 06/01/2020 | 113-8463511-3 | 11/30/2018 | 10/18/2019 |
| 021 | 3801-20-102625 | 04/13/2020 | 06/01/2020 | 113-8463473-6 | 11/19/2018 | 10/18/2019 |

# CERTIFICATE OF SERVICE BY MAIL

I, Lawrence R. Pilon, one of the attorneys for the plaintiff, certify that a copy of the foregoing Complaint was served on all parties by depositing a copy in a United States mail receptacle at or before 5:00 p.m. this Thursday, November 11, 2021, in a sealed envelope with proper postage prepaid, addressed to each party or its attorney of record at the address(es) listed below:

Peter Adam Mancuso, Trial Attorney  
U.S. Department of Justice, Civil Division  
International Trade Field Office  
26 Federal Plaza, Room 346  
New York, New York 10278  

CBP Assistant Chief Counsel  
U.S. Department of Homeland Security  
International Trade Litigation  
U.S. Customs and Border Protection  
26 Federal Plaza - Room 258  
New York, New York 10278  

_____ 11/11/2021  
Lawrence R. Pilon, one of plaintiff's attorneys

Lawrence R. Pilon  
Rock Trade Law LLC  
134 North LaSalle, Suite 1800  
Chicago, Illinois 60602  
Telephone: 312-553-1440