Slip Op. 22-80

## UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| **GUANGDONG HONGTEO TECHNOLOGY CO., LTD.,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**UNITED STATES,**<br><br>    **Defendant.** | **Before:  Jennifer Choe-Groves, Judge**<br><br>**Court No. 20-03776** |

## OPINION AND ORDER

[Denying Plaintiff's counsel's motion to withdraw as counsel.]

Dated:  July 11, 2022

Lawrence R. Pilon and Serhiy Kiyasov, Rock Trade Law LLC, of Chicago, IL, for Plaintiff Guangdong Hongteo Technology Co., Ltd.

Edward F. Kenny, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of New York, N.Y., for Defendant United States. With him were Brian M. Boynton, Principal Deputy Assistant Attorney General, Patricia M. McCarthy, Director, Justin R. Miller, Attorney-in-Charge, and Aimee Lee, Assistant Director.

Choe-Groves, Judge:  Before the Court is the Consent Motion for

Withdrawal of Attorneys ("Withdrawal Motion"), ECF No. 20, filed by counsel

for Plaintiff Guangdong Hongteo Technology Co., Ltd. ("Plaintiff" or

"Hongteo").  For the reasons discussed below, the Court denies the Withdrawal

Motion.

## BACKGROUND

Hongteo is a publicly owned company, Disclosure of Corporate Affiliations and Financial Interest, ECF No. 3, and the owner and importer of record of the merchandise involved in this action, Compl. ¶ 2, ECF No. 8.  Plaintiff retained the services of Rock Trade Law LLC on September 21, 2020 to represent Hongteo in this action.  Withdrawal Mot. at 1.  Mr. Pilon filed his notice of appearance on October 19, 2020.  Notice of Appearance, ECF No. 4.  Mr. Kiyasov filed his notice of appearance on October 13, 2021.  Notice of Appearance, ECF No. 7. Plaintiff filed its Complaint on November 11, 2021.  Compl.

## DISCUSSION

Pursuant to USCIT Rule 75(d), "[t]he appearance of an attorney of record may be withdrawn only by order of the court."  USCIT R. 75(d).  "Except for an individual (not a corporation, partnership, organization[,] or other legal entity) appearing *pro se*, each party . . . must appear through an attorney authorized to practice before the court."  USCIT R. 75(b)(1); see also Lady Kelly, Inc. v. U.S. Sec'y of Agric., 30 CIT 82, 83, 414 F. Supp. 2d 1298, 1299 (2006) ("The rule is well established that a corporation *must always* appear through counsel."). Granting the withdrawal of counsel motion may leave the party unrepresented in violation of the Rules of the U.S. Court of International Trade.

Hongteo is a company, not an individual, and must be represented by counsel before this Court.  The only basis for withdrawal that Plaintiff's counsel provides is that Plaintiff has not paid outstanding legal fees.  Withdrawal Mot. at 1. Because no substitute counsel has yet been identified to replace Plaintiff's counsel, the Court denies the Withdrawal Motion without prejudice.

Plaintiff is directed to notify the Court within 30 days of issuance of this Opinion of its new counsel.  Plaintiff's counsel may refile its motion to withdraw, and the Court is likely to dismiss Plaintiff's case if Plaintiff fails to hire new counsel or resolve its issues with current counsel, in light of the inability of Plaintiff to proceed as an unrepresented party in this matter before the Court.

Plaintiff also filed Plaintiff's Consent Motion to Amend the Scheduling Order ("Motion to Amend"), ECF No. 19.  The Court will deny the Motion to Amend and stay the remaining deadlines until the issue of counsel for Plaintiff is resolved.

## CONCLUSION

Upon consideration of the Withdrawal Motion, ECF No. 20, and all other papers and proceedings in this action, it is hereby

**ORDERED** that the Withdrawal Motion, ECF No. 20, is denied without prejudice; and it is further

**ORDERED** that Plaintiff shall notify the Court within 30 days of the

issuance of this Order of its new counsel; and it is further

 **ORDERED** that Plaintiff's counsel shall file a status report and/or updated motion to withdraw within 30 days of the issuance of this Order; and it is further

 **ORDERED** that Plaintiff's Consent Motion to Amend the Scheduling Order, ECF No. 19, is denied; and it is further

 **ORDERED** that the remaining deadlines in Scheduling Order, ECF No. 18, are stayed pending further order of this Court.


                /s/ Jennifer Choe-Groves
            Jennifer Choe-Groves, Judge

Dated: _____July 11, 2022_____
    New York, New York